No. 55.—CHARLES W. CHRISTIAN, plaintiff in error, *vs.* WILLIAM PENN, defendant.

[1.] Where there is a cause of action set forth in the plaintiff's declaration, though defectively set forth, it is amendable at Common Law, and more especially so, under our Statute of 1818, which contemplates a very liberal practice, in allowing amendments, both to declarations and answers.

Case in Chattooga Superior Court, before Judge WRIGHT, April Term, 1848.

The plaintiff filed his petition against the defendant in the Superior Court of Chattooga county, as follows :

"GEORGIA, CHATTOOGA COUNTY.

To the Honorable Superior Court, for the county and State aforesaid. The petition of Charles W. Christian humbly sheweth, that William Penn, of said county hath injured, and damaged your petitioner one thousand dollars.

For that, whereas, the said defendant heretofore, to-wit: On the 1st day of January, 1839, having, or pretending to have a demand or debt owing to him, the said defendant, for the sum of four hundred dollars, by one William P. Christian, of Elbert county, in the State of Georgia, and which the said William Penn, the defendant, stated was to be paid by the said William P. Christian, when the estate of one Maxwell, the father-in-law of the said William P. was distributed. And the said defendant, intending to deceive and defraud your petitioner, wrongfully and deceitfully persuaded one Nathaniel Duncan, the then co-partner of your petitioner, to sign the partnership name of

your petitioner, for the said William P. Christian's benefit, payable to him, the said defendant, for the sum of four hundred dollars; and by falsely, deceitfully and fraudulently representing to the said Nathaniel, the co-partner of your petitioner, that the said William P. Christian was abundantly able to pay the said note, and that your petitioner should never be called on for payment thereof, but should be saved harmless from all liability on account of said note, and that the said defendant would never look to your petitioner for payment of the same, caused and procured the said Nathaniel to sign the partnership name of your petitioner to the said note of hand without the knowledge of your petitioner, and fraudulently accepted the same, whereby your petitioner became bound to pay the said note, when in truth and in fact, the said defendant, at the time of making such representations, well knew the said William P. Christian was not safely to be trusted, but was insolvent and unable to pay said note, and so your petitioner says the defendant fraudulently deceived your petitioner, by representations made by him, and that by means thereof, he hath been compelled to pay the said note, and the interest and costs, amounting in the whole to the sum of money aforesaid."

There were several other counts in the declaration, alleging substantially the same facts and transactions contained in the first count.

The plaintiff subsequently filed an amendment to his petition, as follows: "And for that, whereas, also your petitioner, and one Nathaniel Duncan, being partners in trade, and carrying on business in co-partnership as merchants, and dealers in goods and were as a firm in the business aforesaid, to-wit: on and before the 11th day of March, 1838, and being such merchants and co-partners in the business of goods, wares and merchandise only, the said Nathaniel, fraudulently and without the knowledge or consent of your petitioner, executed and issued a certain promissory note, for the sum of four hundred dollars, payable to the said defendant, as and in consideration of a tract or tracts of land of little value, sold and conveyed to the said Nathaniel Duncan by the said defendant, and the said defendant, fraudulently, and without the knowledge or consent of your petitioner, accepted the said promissory note so issued and executed, in the name of the said mercantile firm of your petitioner,

and the said Nathaniel Duncan, by the style of Duncan and Christian, and received the said note so executed as aforesaid, in payment of and for the said tract of land so sold and conveyed to the said Nathaniel Duncan as aforesaid, of and from the said Nathaniel, fraudulently and without the knowledge or consent of your petioner, and the said defendant fraudulently and injuriously combining with the said Nathaniel, kept your petitioner in ignorance that your petitioner's name had been thus unauthorizedly used by the said Nathaniel, or that the said partnership name had been so used as aforesaid, and after the said note having been so executed as aforesaid, your petitioner hath been compelled to pay the said note to the said defendant, amounting to the sum of six hundred dollars and forty cents, which he, your petitioner, hath paid, and been compelled and held liable to pay, upon the said note so executed and accepted as aforesaid, the said Nathaniel Duncan being and having become insolvent and unable to pay the said sum of money in said note specified, which said note was executed in the said partnership name by the said Nathaniel, and received by the said defendant fraudulently and without the knowledge or consent of your petitioner."

The amendment contained two other counts, setting forth substantially the same cause of action, with the first count of the amendment.

The defendant pleaded the general issue—the Statute of Limitations and a former adjudication and recovery on the same note, between the same parties, in the Superior Court of Elbert county.

On the trial on the appeal, at April term, 1848, counsel for the defendant moved to reject the amendments, on the ground that they contained a new cause of action, and could not be allowed; which motion was granted by the Court, and to this decision, plaintiff by his counsel excepted, and alleges the same to be erroneous.

W. H. UNDERWOOD, for plaintiff in error.

TRIPPE, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

The error assigned here, to the decision of the Court below, is, the rejection of the amendment offered to the plaintiff's declaration.

[1.] We think the amendment ought to have been allowed, under the rule as it existed at Common Law, and more especially, under the provisions of our Statute.   By the Common Law rule, when a declaration shows a *title* or *cause of action* defectively set forth, it is amendable.   *Murphy vs. Lawrence,* 2 *Kelly's Reports,* 260,–1.

The cause of action set forth in the plaintiff's original declaration, was the *fraudulent* procuring one of the co-partners to execute a note to the defendant,for the sum of four hundred dollars, whereby the plaintiff, as one of the partners, was compelled to pay it.   *Fraud* on the part of the defendant, in procuring the signature of the co-partnership name to the note, and *damage* resulting therefrom to the plaintiff as one of the partners, constitutes the cause of action, as set forth in the original counts of the declaration.

The original declaration furnished a *cause of action* by which to amend.

The amendment does not, as was supposed by the Court ·below, introduce a *new cause* of iction, but alleges the fraud on the part of the defendant, in procuring the co-partnership signature to the note of four hundred dollars, for a different object, and in a different manner, so as to meet the proof on the trial, and avoid a *variance* between the *allegata et probata.*

The *fraud* in procuring the signature of the co-partnership name of Duncan and Christian to the note for four hundred dollars, whereby the plaintiff, as one of the partners, was compelled to pay it, is, substantially, the cause of action, in both the *original* and *amended* counts of the declaration.

The first section of the Act of 1818, declares "that in every case, where there is a good and legal cause of action, plainly and distinctly set forth in the petition, and there is in substance a copy served on the defendant or defendants, or left at their most notorious place of abode, every other objection shall be on motion amended, without delay or additional costs."   The second section of the Act declares, "that no non-suit shall be awarded, when the cause of action is substantially set forth in the declaration, for any formal variance between the allegation and proof." *Prince's Dig.* 442.

When a non-suit is prohibited, for any formal variance between the allegation and proof, the reason for allowing amendments, so as to make the record complete, and a protection to

the rights of parties, would seem to operate with increased force. Indeed, we are of the opinion, the Act of 1818 has not, in the general practice of our Courts, received that *liberal* construction in regard to amendments, which the Legislature intended. Our rules of practice were doubtless intended to prevent surprise or injustice, in making amendments to either declarations or answers, by requiring *notice* thereof, to the adverse party, or his attorney; and with this restriction, we think the Courts should be liberal in allowing amendments whenever there is a *cause of action* to amend by, as it facilitates the ends of justice, prevents delay and costs.

Let the judgment of the Court below be reversed, and the cause reinstated, and the amendments offered be allowed.